PROB. 12B
(7/93)

ORIGINAL

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 12 2008

at \_\_\_ o'clock and \_\_\_ min. \_\_\_ M.
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: TRACY RODRIGUES          Case Number: CR 04-00376DAE-01

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       U.S. District Judge

Date of Original Sentence: 8/8/2005

Original Offense:    Count 1: Bank Fraud, in violation of 18 U.S.C. § 1344, a Class B felony

Count 2: Wire Fraud, in violation of 18 U.S.C. § 1343, a Class B felony

Count 3: Theft From a State Program Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(A), a Class C felony

Original Sentence: Eighteen (18) months imprisonment as to Counts 1, 2 and 3, to run concurrently, followed by five (5) years of supervised release as to each of Counts 1 and 2, and three years as to Count 3, with all such terms to run concurrently. Additionally, the following special conditions were ordered: 1) Defendant shall pay restitution of $93,069 which is due immediately to the State of Hawaii Department of Human Services. Any remaining balance upon release from confinement shall be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision;
2) Defendant shall provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 3) Defendant shall participate in a mental health program at the direction and discretion of the Probation Office; and 4) Defendant is prohibited from participating in any form of gambling, being in the presence of any

illegal or legal gambling, frequenting any business, residence, or area where gambling activities have occurred or are presently occurring, and associating with any persons engaged in gambling or any known gamblers. Defendant is prohibited from traveling to Nevada.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  4/27/2007

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

   5)   *Defendant shall submit to Voluntary Payroll Deduction at the discretion and direction of the Probation Office.*

   6)   *Defendant shall provide a copy of each month's bank statement.*

## CAUSE

The offender's term of supervised release commenced on 4/27/2007. During her prerelease interview on 1/30/2007 as well as on her initial processing for supervision on 4/30/2007, the offender was oriented to the conditions of supervision. Additionally, the offender was advised of the Collection Policy of the Probation Office with respect to her restitution of $93,069. In this regard, the offender was advised that if her net monthly income is less than $1,200 for the month, her restitution payment due by the end of the following month would be 10 percent of her gross monthly income. However, if her net monthly income was $1,200 or more, her restitution payment due by the end of the following month would be 25 percent of her net monthly income. Moreover, on 4/30/2007, this officer drew the Collection Policy formula for the offender and showed her examples on how to calculate her monthly restitution payments.

Since then, the offender has incurred the following violations:

**Violation No. 1:  Failure to Pay Restitution and/or Full Restitution for the Months of June 2007 through December 2007:**

On 1/10/2008, this officer received a payment history report from the U.S. Attorney's Office which indicated the offender did not make restitution payments and/or full restitution payments for various months between July 2007 and January 2008, despite receiving income from her employment.

The following outlines the applicable gross/net incomes considered for restitution and the amount of restitution that was owed for the period June 2007 to December 2007:

| INCOME MONTH | Applicable Gross (nearest dollar) | Applicable Net (nearest dollar) | AMT OWE NEXT MONTH | AMT PAID |
|---|---|---|---|---|
| JUN 2007 |  | $ 1,769.00 | $ 442.00 | $ 300.00 |
| JUL 2007 | $ 539.00 |  | $ 53.00 | $ 0.00 |
| AUG 2007 | $ 371.00 |  | $ 37.00 | $ 0.00 |
| SEP 2007 |  | $ 1,568.00 | $ 392.00 | $ 250.00 |
| OCT 2007 |  | $ 2,108.00 | $ 527.00 | $ 280.00 |
| NOV 2007 |  | $ 1,633.00 | $ 408.00 | $ 0.00 |
| DEC 2007 |  | $ 1,648.00 | $ 412.00 | $ 0.00 |
| TOTALS |  |  | $ 2,271.00 | $ 830.00 |

Based on the table above, the offender has failed to comply with restitution in that she did not make full restitution payments for the months of June 2007, September 2007, and October 2007. Moreover, she did not make any payments for the months of July 2007, August 2007, November 2007 and December 2007 despite receiving income. Consequently, the offender is in default regarding her restitution obligation.

On 1/11/2008, this officer telephonically questioned the offender regarding her lack of payments and/or lack of full payments. The offender reported that she believed that all of her payments were based on 10 percent of her monthly gross income. However, she did not give an explanation as to why she did not make any payments for the months of July 2007, August 2007, and November 2007. Regarding her December 2007 payment, the offender reported that her nephew drew a check payable to the Clerk's Office in the amount of $200 on her behalf. However, when questioned, the offender's adult nephew reported that he was not aware of ever drafting a check on behalf of the offender. Moreover, as of 2/5/2008, there is no evidence that a $200 check was received by the Clerk's Office.

On 1/16/2008, this officer sent the offender a letter advising her that she was in violation of her supervision concerning her restitution obligation. The offender was also told that the Court would be notified of her violation and that she needed to provide a response to this officer as to how her arrearage would be addressed.

On 1/22/2008, the offender reported that she received this officer's 1/16/2008 letter and discussed the matter with her parents. She reported that her parents offered to lend her the money to cover her arrearage for the time period noted above. On 2/5/2008, the offender reported that she received the loan from her parents and would make payment on 2/6/2008.

Prob 12B
(7/93)

4

At this time, it is recommended that the Court modify the conditions of supervision but take no action against the offender for her violation. Although the violation is serious given the offender's default status as well as her claim that she believed her payments were 10 percent of her gross income but not accounting for her four months of nonpayment, the offender appears committed to doing what is necessary to remain in the community. In this regard, the offender has been working steadily as an administrative assistant for T&T Tinting Specialists in Honolulu, and she is also enrolled part-time in a local community college. Moreover, the offender has not had any known law enforcement contact since her release on supervision and she has been regularly attending mental health counseling.

Additionally, according to the offender's employer, the company does provide for payroll deduction on Court-ordered obligations and is willing to withhold and send the required payments to the Clerk's Office.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release and/or Extend Term of Supervision. The offender waives his right to a hearing and to assistance of counsel. The U.S. Attorney's Office and the offender's counsel have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

For  GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 2/6/2008

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓]  The Modification of Conditions as Noted Above
[ ]  Other

_____
DAVID ALAN EZRA
U.S. District Judge

FEB 0 8 2008
_____
Date

PROB 49
(5/96)

# United States District Court

District of Hawaii

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]  To extend the term of supervision for years, for a total term of years.
[X]  To modify the conditions of supervision as follows:

5.  *Defendant shall submit to Voluntary Payroll Deduction at the discretion and direction of the Probation Office.*

6.  *Defendant shall provide a copy of each month's bank statement.*

Witness: _____    Signed: _____
         DEREK M. KIM                              TRACY RODRIGUES
         Senior U.S. Probation Officer             Supervised Releasee

                        2/6/08
                        Date

541-1345